Case 2:23-cv-00037   Document 15   Filed on 04/14/23 in TXSD   Page 1 of 15

United States District Court
Southern District of Texas
**ENTERED**
April 14, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| REYNALDO PALOMO, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00037 |
| | § | |
| BRYAN COLLIER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Reynaldo Palomo, a Texas prisoner appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff asserts claims against Defendants under the Eighth Amendment. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915A.

For the reasons set forth below, the undersigned recommends that: (1) Plaintiff's § 1983 claims for money damages against the State of Texas and Director Collier, Director Lumpkin, and former Warden Castro in their official capacities be DISMISSED as barred by the Eleventh Amendment; and (2) Plaintiff's Eighth Amendment claims against Director Collier, Director Lumpkin, and former Warden Castro, in their respective individual and official capacities, and against Major Delapp, Assistant Warden Puente, and Sergeant Meisser, in their individual capacities, be DISMISSED with prejudice as frivolous or for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The undersigned recommends further that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in

### A. *Jurisdiction.*

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

### B. *Background.*

Plaintiff filed this civil rights action on January 27, 2023. (Doc. No. 1.) Plaintiff is a prisoner in the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) and is housed at the McConnell Unit in Beeville, Texas. Plaintiff's allegations in this case arise in connection with the conditions of Plaintiff's housing during the February 2021 Texas freeze.[2] On March 13, 2023, Plaintiff provided the Court with a more definite statement. (Doc. No. 12.) On March 30, 2023, Plaintiff provided another more definite statement, which is nearly identical to the first. (Doc. No. 14.) The undersigned has reviewed both and will generally rely on Plaintiff's first-submitted more definite statement. *See* Doc. No. 12.

In this action, Plaintiff sues the following defendants: (1) Bryan Collier, Executive Director of TDCJ ("Director Collier"); (2) TDCJ-CID Director Bobby Lumpkin ("Director Lumpkin"); (3) the State of Texas (the "State"); (4) former Warden of the TDCJ McConnell Unit, Evelyn Castro ("former Warden Castro");[3] Major John R. Delapp, Jr. ("Major Delapp"); Assistant Warden Cirildo Puente ("Assistant Warden Puente");[4] and Sergeant Yvette Meisser

---

any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

[2] *See generally* National Centers for Environmental Information, The Great Texas Freeze: February 11-20, 2021, available at https://www.ncei.noaa.gov/news/great-texas-freeze-february-2021 (last visited Apr. 14, 2023).

[3] In June 2020, Evelyn Castro became Senior Warden of the McConnell Unit. *See* Criminal Justice Connections: On the Move (June 2020), https://www.tdcj.texas.gov/connections/-pdfs/2020/20200600_onthemove.pdf.

[4] At the time of the Texas freeze, Cirildo Puente was Major of Correctional Officers in the McConnell Unit. *See*

("Sergeant Meisser") (collectively, "Defendants"). Plaintiff generally claims that Defendants violated his Eighth Amendment rights in connection to his prison cell conditions during the February 2021 Texas freeze. (Doc. No. 1, pp. 3, 6.) Plaintiff seeks monetary and injunctive relief. (Doc. No. 12, p. 10.)

### 1. Allegations against Director Collier and Director Lumpkin.

Plaintiff alleges that Director Collier and Director Lumpkin violated Plaintiff's Eighth Amendment rights by failing to provide Plaintiff with portable toilets for approximately six days, water for two days, and extra blankets and jackets to confront the cold experienced in his cell, in deliberate indifference to a risk of serious harm to Plaintiff. (Doc. No. 1, p. 3; Doc. No. 12, pp. 3, 5, 8.) Plaintiff describes this as a denial of "the minimal civilized measures of life's necessities." *Id*. (cleaned up). Plaintiff seeks to sue both directors in their individual and official capacities. (Doc. No. 12, p. 8.)

### 2. Allegations against former Warden Castro.

Plaintiff alleges that former Warden Castro violated Plaintiff's Eighth Amendment rights by failing to provide Plaintiff with an adequate toilet, and sufficient blankets and clothing to protect from the cold temperatures. (Doc. No. 12, pp. 8-9.) In addition, Plaintiff seeks to hold former Warden Castro accountable for the McConnell Unit's allegedly shoddy infrastructure, which Plaintiff describes as having windows without insulation and a heating system that does not work in most cells. (Doc. No. 1, p. 3; Doc. No. 12, pp. 8-9.) Plaintiff sues former Warden Castro in her individual and official capacities. (Doc. No. 12, p. 9.)

### 3. Allegations against Major Delapp.

---

Criminal Justice Connections: On the Move (March 2022), https://www.tdcj.texas.gov/connections/-pdfs/2022/20220300_onthemove.pdf. He was moved in the fall of 2022 to become Assistant Warden of the Stevenson Unit. *Id*.

Plaintiff alleges that Major Delapp knew that the heat was not working in Plaintiff's cell on February 12 yet did not fix it. (Doc. No. 1, p. 3; Doc. No. 12, p. 9.) Plaintiff sues Major Delapp in his individual capacity. (Doc. No. 12, p. 9.)

### 4. *Allegations against Assistant Warden Puente.*

Plaintiff alleges that Assistant Warden Puente violated his Eighth Amendment rights by not adequately protecting Plaintiff from the cold weather he faced from February 11 to February 17, 2021. (Doc. No. 1, p. 3; Doc. No. 12, pp. 3, 9, 10.) Plaintiff sues Assistant Warden Puente in his individual capacity. (Doc. No. 12, p. 10.)

### 5. *Allegations against Sergeant Meisser.*

Plaintiff alleges that Sergeant Meisser knew that Plaintiff's cell was without heat, yet denied him extra blankets and clothing, responding to Plaintiff's request for such items by stating that there were no extra blankets in the unit. (Doc. no. 1, p. 3; Doc. No. 12, pp. 9-10.) Plaintiff sues Sergeant Meisser in her individual capacity. (Doc. No. 12, p. 10.)

### 6. *Requested relief.*

Plaintiff requests "[a] preliminary and permanent injunction ordering [Director Collier and Director Lumpkin] from retaliating against Plaintiff by harassing or having Plaintiff moved around to other units. And that any other prison official from harassment or retaliation [sic]." (Doc. No. 12, p. 10 (cleaned up).) In addition, Plaintiff seeks compensatory and punitive damages, as well as any additional relief the Court deems appropriate. *Id*.

## C. Legal standard.

When a prisoner seeks to proceed *in forma pauperis*, the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a

4 / 15

defendant who is immune from such relief. 28 U.S.C. § 1915A; *see* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (citations omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999) (*per curiam*). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Id.* (citations omitted). Thus, dismissal is inappropriate "unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff must allege sufficient facts in support of his legal conclusions that give rise to a reasonable inference that Defendants are liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. If the complaint, taken as a whole, gives rise to a

plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.* Further, as Plaintiff proceeds *pro se*, the Court construes his complaint liberally in his favor. *See Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### D. Discussion: Plaintiff's claims should be dismissed.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he or she misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002) (*per curiam*).

### 1. The Eleventh Amendment bars monetary relief from Plaintiff's § 1983 claims against the State of Texas and Director Collier, Director Lumpkin, and former Warden Castro, in their official capacities.

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (citations omitted).

This immunity applies to both federal and state law claims brought in federal court. *See Raj v. La. State Univ.*, 714 F.3d 322, 328-29 (5th Cir. 2013) (determining that sovereign

6 / 15

immunity bars both federal and state law claims brought in federal court).  Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Commc'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68-71 (1989).

  A suit against a state officer in his or her official capacity is effectively a suit against that state official's office.  *Will*, 491 U.S. at 71 (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)).  The Eleventh Amendment, however, bars claims for money damages against a state or state agency.  *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Tex. Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998).  As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself and is thus also barred by the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  The Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ officers and officials acting in their official capacities.  *See Oliver*, 276 F.3d at 742 (the Eleventh Amendment bars a prisoner's suit for money damages against prison officials in their official capacities).

  Plaintiff claims that the State of Texas violated his constitutional rights under § 1983 by holding him in poor conditions that arose to the level of a violation of Plaintiff's Eighth Amendment rights.  However, the Eleventh Amendment bars a § 1983 suit against a state or state entity, regardless of whether money damages or injunctive relief is sought.  *Will*, 491 U.S. at 69-71 (states are not "persons" subject to suit under § 1983); *Cox v. Texas*, 354 F. App'x 901, 902 (5th Cir. 2009) (per curiam) (The Eleventh Amendment immunity applies to § 1983 actions

brought against the State of Texas and its agencies, regardless of the relief sought). Accordingly, Plaintiff's claims against the State of Texas should be dismissed without prejudice as barred by the Eleventh Amendment.[5] To the extent Plaintiff sues Director Collier, Director Lumpkin, and former Warden Castro in their official capacities for monetary damages, those § 1983 claims are also barred by the Eleventh Amendment. Thus, the undersigned recommends that Plaintiff's claims for money damages against the State of Texas and these defendants in their official capacities be dismissed without prejudice.

### 2. *Plaintiff does not allege sufficient physical harm to bring his § 1983 claims.*

Plaintiff does not assert any physical harm related to being cold for the period of time he complains of a lack of heat in his cell and freezing temperatures, brought on by the Texas freeze. Plaintiff does argue, however, that the combination of a lack of access to a functioning toilet and water to drink caused Plaintiff to become constipated and that the constipation lasted for days or possibly weeks. (Doc. No. 12, p. 5.) In addition, Plaintiff alleges that, as a result of no drinkable water for two days, he was dehydrated and briefly hallucinated. (Doc. No. 12, p. 7.)

Plaintiff does not allege that he suffered a greater-than-*de minimis* physical injury from the temporary time period in which he had inadequate access to drinking water, showers, toilets, warm food, and heat. *See Carter v. Hubert,* 452 F. App'x 477, 479 (5th Cir. 2011) (citing 42 U.S.C. § 1997e(e)); *Mayfield v. Tex. Dep't of Criminal Justice,* 529 F.3d 599, 605–06 (5th Cir. 2008); *Geiger v. Jowers,* 404 F.3d 371, 374–75 (5th Cir. 2005)) (additional citations omitted). First, Plaintiff's constipation for a period of days or weeks,[6] even with few details relating to his

---

[5] Claims barred by the Eleventh Amendment are subject to dismissal for lack of subject matter jurisdiction and must, therefore, be dismissed without prejudice. *See Warnock v. Pecos Cnty. Tex.*, 88 F.3d 341, 343 (5th Cir. 1996).
[6] Plaintiff does not specify the number of days that he was constipated, however, he clarifies that he was constipated "even after the storm had passed" and he "had to seek a laxative" to help with the constipation. (Doc. No. 12, p. 5 (cleaned up).) Plaintiff did obtain a laxative from his fellow inmates, and not from the prison hospital, allegedly

8 / 15

alleged hallucinations, was a *de minimis* injury. *See Harold v. Tangipahoa Par. Sheriff Off.*, No. CV 20-2220, 2021 WL 2920513, at *14 (E.D. La. June 18, 2021), *adopted*, No. CV 20-2220, 2021 WL 2911926 (E.D. La. July 12, 2021) (collecting cases finding that constipation is a *de minimis* injury); *Roy v. Cobb*, No. CV 20-0167, 2020 WL 2045791, at *4 (W.D. La. Apr. 7, 2020), *adopted*, No. CV 20-0167, 2020 WL 2043809 (W.D. La. Apr. 28, 2020) ("Absent further complications, constipation is no more than a de-minimis injury."); *Wiethorn v. Valdez*, No. CIV.A.3:07CV896-L, 2007 WL 1888400, at *2 (N.D. Tex. June 29, 2007) (finding on failure to provide medical care claim that five weeks with treatment for constipation resulting in abdominal pains, difficulty sleeping, pulled stomach muscle, and ongoing pain for approximately one month was *de minimis*); *cf. Stallworth v. Wilkins*, 802 F. App'x 435, 441 (11th Cir. 2020) (prisoner alleged more than a *de minimis* injury for purposes of § 1997e(e) by alleging throwing up, fever, and constipation).

Further, Plaintiff alleges no physical harm relating to his inability to shower, access a portable toilet, or eat warm food. In regard to his inability to shower, Plaintiff merely laments that "it was really uncomfortable not [to be] able to shower" and that he suffered "[t]he mental anguish of being filth[y] and it felt like my skin was covere[ed] with bugs." (Doc. No. 12, p. 7.) In addition, although Plaintiff describes deplorable living conditions as a result of his cell toilet being full of waste and being without running water for five days, *see* Doc. No. 12, pp. 4-5, Plaintiff does not allege any physical injuries resulting from living and sleeping near the waste. *Cf. Torres v. Southmayd*, No. 2:21-CV-37, 2021 WL 4071148, at *4 (S.D. Tex. Apr. 14, 2021) (Libby, M.J.), *adopted*, 2021 WL 4067256 (S.D. Tex. Sept. 7, 2021) (plaintiff's claims survive

---

because Plaintiff placed a sick-call request in the incorrect location, such that he does not think the medical department ever received the request. *Id*.

9 / 15

screening based on a ten-day period where he was provided minimal drinking water and use the restroom in a mop bucket during the Texas freeze, resulting in mild dehydration, dysentery, lung inflammation, a strange rash, and emotional distress).

Additionally, Plaintiff explains that he was fed three meals per day during the period without running water or electricity, but that he was not given a hot meal until February 19, 2021, a day after the water and electricity returned to the prison facility. (Doc. No. 12, p. 6.) Plaintiff does not allege any injuries resulting from eating cold food, and he does not describe any of the food as uncooked.

Finally, while Plaintiff was undoubtedly cold, he alleges insufficient physical injuries arising from the temporary period in which Plaintiff was subjected to the cold. And while temporary exposure to the cold may, in some cases, give rise to an Eighth Amendment violation claim, Plaintiff has not alleged sufficient facts to bring forth a § 1983 claim. *Cf. Withrow v. Heaton*, 275 F.3d 42, 2001 WL 1223630 (5th Cir. Sept. 24, 2001) (plaintiff's claim that exposure to extreme cold exacerbated his arthritis was sufficient to allege a physical injury). Plaintiff has not described facts to demonstrate that he suffered any physical harm resulting from the temporary exposure to the cold.

Because Plaintiff does not sufficiently allege physical harm to satisfy the requirement of 42 U.S.C. § 1998e(e), Plaintiff's claims should be dismissed with prejudice. Even if, however, Plaintiff could show that he suffered greater-than-*de minimis* injuries, his claims would fail. The reasons are discussed below.

> **3. Plaintiff's Eighth Amendment deliberate indifference claims are frivolous or fail to state a claim upon which relief may be granted.**

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. An Eighth Amendment violation occurs when a prison official acts with deliberate indifference to an inmate's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Here, Plaintiff claims that Defendants acted with deliberate indifference by providing him with insufficient water, resources to keep warm, proper access to toilets, and adequate access to showers. (Doc. No. 12, pp. 5-7, 9.)

"In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference may be exhibited when prison officials have denied an inmate prescribed treatment or have denied him access to medical personnel capable of evaluating the need for treatment. *Id.* at 104-05. A prison official acts with deliberate indifference if he or she knows that an inmate faces a "substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837; *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (*per curiam*). "[A] prison official's knowledge of a substantial risk of harm may be inferred if the risk was obvious." *Id.*

"Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Further, "[p]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976)). It is well established that a prison supervisor cannot be held liable for the misconduct of his or her subordinates. *E.g., Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). There is no vicarious or *respondeat*

*superior* liability for supervisors under § 1983. *See id.* at 303-04; *Snow v. City of El Paso, Tex.*, 501 F. Supp. 2d 826, 835 (W.D. Tex. 2006) ("In a § 1983 action, a court cannot hold supervisory officials vicariously liable for the actions of their subordinates."); *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials). Rather, "the misconduct of a subordinate must be affirmatively linked to the action or inaction of the supervisor." *Snow*, 501 F. Supp. 2d at 835 (internal quotations and citations omitted). The Fifth Circuit has held that "[s]upervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injury." *See, e.g., Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992) (citing *Thompkins*, 828 F.2d at 303). "Mere knowledge and acquiescence on a supervisor's part is insufficient to create supervisory liability under § 1983." *Doe v. Bailey*, No. H-14-2985, 2015 WL 5737666, at *9 (S.D. Tex. Sept. 30, 2015) (Werlein, J.) (citing *Iqbal*, 556 U.S. at 677).

In regards to the supervisory officials, Director Collier, Director Lumpkin, and former Warden Castro, Plaintiff has not alleged any misconduct on their behalf, other than vaguely asserting that they were "unprepared." (Doc. No. 12, pp. 8-10.) Because Plaintiff's complained-of conditions were temporary and arose as the result of an unexpected and unprecedented disaster, Plaintiff fails to show that these defendants had any requisite intent to limit Plaintiff's access to drinking water, showers, toilets, or heat. Even construing the allegations liberally, these conditions were caused by the freeze, not by any actions of these defendants. And Plaintiff does not claim that these defendants adopted or implemented policies and practices which were deliberately indifferent to a substantial risk of harm to Plaintiff. *See Romero v. Brown*, 937 F.3d 514, 523 (5th Cir. 2019) ("A supervisor is liable under section 1983 if: '(1) [s]he affirmatively

participates in the acts that cause the constitutional deprivation, or (2) [s]he implements unconstitutional policies that causally result in the constitutional injury.'" (citation omitted)). Further, Plaintiff cannot assert any constitutional deprivation by any of the other defendants that would give rise to supervisory liability of these officials. *See id*. Thus, Plaintiff cannot demonstrate a § 1983 claim against Director Collier, Director Lumpkin, or former Warden Castro in their individual or official capacities.

Further, Plaintiff does not allege that sufficient extra clothing and blankets were available at the prison and that these defendants, because of their deliberate indifference to Plaintiff's alleged serious need to stay warm, refused to provide Plaintiff with these items. He merely complains that he did not receive adequate blankets and clothing to keep warm during the freeze. And, by Plaintiff's own account, the reason for his alleged denial of extra blankets and clothing was because the prison did not have these items available in the unit, not because any defendants were intentionally disregarding a substantial risk to Plaintiff's health. Further, as discussed earlier, Plaintiff fails to show that there was any substantial risk to his health from the cold, because he does not allege that he suffered any adverse physical health consequence from exposure to the cold temperatures.

Plaintiff also cannot satisfy the objective prong of the deliberate indifference standard to show that Plaintiff's lack of access to a shower, toilet, water for two days, and adequate toilet resulted in exposure to a substantial risk of serious harm, particularly when Plaintiff has not alleged any serious harm. Even if Plaintiff were to satisfy the objective prong of deliberate indifference, Plaintiff does not demonstrate that Defendants satisfied the subjective prong of deliberate indifference (that any defendants were aware of facts from which the inference of an excessive risk to the inmate's health or safety could be drawn and that the defendants actually

drew the inference), because Plaintiff does not allege sufficient facts to show that Defendants were aware of any excessive risk to Plaintiff's health or safety. Plaintiff does not allege that he notified any defendants of his dehydration or constipation, and Plaintiff was able to obtain a laxative from a fellow inmate. Further, Plaintiff does not set forth facts demonstrating that any of defendants' acts arose to a level greater than mere negligence. Instead, Plaintiff's alleged facts show that the conditions were temporary and the result of an unexpected and unprecedented disaster. Taking Plaintiff's assertions as true, these defendants, at most, were unprepared for such a disaster, which may raise a claim of negligence, not deliberate indifference. Therefore, Director Collier, Director Lumpkin, and former Warden Castro, in their individual and official capacities, and Major Delapp, Assistant Warden Puente, and Sergeant Meisser, in their individual capacities, lacked the requisite intent for liability.

Accordingly, the undersigned recommends that the Court dismiss with prejudice Plaintiff's deliberate indifference claims against these named defendants in their respective remaining capacities as frivolous or for failure to state a claim upon which relief may be granted.

### E. Recommendation.

For the reasons stated above, the undersigned recommends that: (1) Plaintiff's § 1983 claims for money damages against the State of Texas and Director Collier, Director Lumpkin, and former Warden Castro in their official capacities be DISMISSED without prejudice as barred by the Eleventh Amendment; and (2) Plaintiff's Eighth Amendment claims against Director Collier, Director Lumpkin, former Warden Castro in their respective individual and official capacities, and Major Delapp, Assistant Warden Puente, and Sergeant Meisser in their individual capacities, be DISMISSED with prejudice as frivolous or for failure to state a claim for relief pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1).

Further, the undersigned recommends that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be INSTRUCTED to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

### F. Notice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on April 14, 2023.

_____
MITCHEL NEUROCK
United States Magistrate Judge