Case 2:23-cv-00037   Document 20   Filed on 08/30/23 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
August 30, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| REYNALDO PALOMO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00037 |
| | § | |
| BRYAN COLLIER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Plaintiff Reynaldo Palomo, appearing pro se and *in forma pauperis*, filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of the Eighth Amendment. Pending before the Court is Plaintiff's complaint (D.E. 1) for initial screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915A. On April 14, 2023, United States Magistrate Judge Mitchel Neurock issued a Memorandum and Recommendation (M&R, D.E. 15), recommending that the Court dismiss all of Plaintiff's claims. Plaintiff timely filed his objections (D.E. 17), each of which is addressed below.[1]

**Submitting Supplemental Information.** First, Plaintiff complains that the Magistrate Judge abused his discretion by denying him the ability to file a supplemental

---

[1] Plaintiff's objections include a request for counsel to be appointed under 28 U.S.C. § 1915(e). *Id.* at 13. Since filing these objections, he also filed a separate request for the appointment of counsel that was denied by the Magistrate Judge. D.E. 18, 19.

1 / 8

memorandum or appear for a *Spears*[2] hearing. D.E. 17, p. 3. He asks this Court for permission to "file a Memorandum brief, with exhibits, to better support the plaintiff's complaint." *Id*. at 13. Generally, the court must offer a pro se plaintiff an opportunity to remedy perceived errors in his complaint before it dismisses those claims with prejudice, either through the use of a questionnaire or a *Spears* hearing. *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994); *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991) ("This is not to suggest that a *Spears* hearing should be conducted for every *pro se* complaint. . . . 'A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *[ ]* questionnaire.'" (quoting *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986)).

The Magistrate Judge afforded Plaintiff an opportunity to supplement his allegations by answering a questionnaire. Plaintiff did so and the Magistrate Judge relied on his answers in making his recommendation. D.E. 12; D.E. 15, p. 2. Though he claims that a supplemental memorandum would help provide evidence that the prison officials ignored his complaints (D.E. 17, p. 10), evidence is not required at this stage and his allegations in this regard have been accepted as true. A supplemental memorandum would not alter the outcome of his claims. Plaintiff's request to file a memorandum brief is therefore **DENIED** and any objection on this basis is **OVERRULED**.

**Sovereign Immunity.** Second, Plaintiff objects to the Magistrate Judge's analysis regarding sovereign immunity under the Eleventh Amendment. But his analysis mixes

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

immunity issues and exceptions. He states that he is not seeking money damages against Director Collier, Director Lumpkin, or former Warden Castro in their official capacities. D.E. 17, p. 1 (rejecting the claims for compensatory damages in his original complaint, D.E. 1, p. 4 and more definite statements, D.E. 12, 14). To that extent there is no objection to the M&R.

Plaintiff states that he is suing these defendants in their official capacity for their own conduct, citing *Ex Parte Young,* 209 U.S. 123 (1908). D.E. 17, pp. 5-7. He acknowledges that, if his allegations against Defendants in their official capacity are construed as seeking a remedy against the State of Texas, generally, his claim does not preclude Eleventh Amendment immunity. *Cox v. Tex*as, 354 F. App'x 901, 902 (5th Cir. 2009). It is only when the claim is limited to the state employee with the official power to effect prospective changes that *Ex Parte Young* provides an exception to sovereign immunity for injunctive relief. 209 U.S. at 155. But Plaintiff did not seek injunctive relief.

He makes no specific claim to injunctive relief in his initial pleading. D.E. 1. In his response to the Court's order for more definite statement, his only request for prospective injunctive relief is to prevent Defendants from harassing or retaliating against him, including transferring him to another unit during the pendency of this case—a matter no longer in issue. D.E. 12, 14. In explaining his objections to the M&R, Plaintiff mentions that "Both Director Collier and Director-Cid [sic] Lumpkin, have the power to fix the infrastructure of the McConnell unit, and get ready for the next big winter storm." D.E. 17, p. 7. Yet he does not ask that they be ordered to do so. Instead, he appears to take the position that because they are in a position to prevent the infrastructure problem in the

future, they must respond in damages for having failed to prevent the infrastructure problem in the past. That is not within the *Ex parte Young* exception to sovereign immunity.

Plaintiff's other arguments conflate the standard for qualified immunity with sovereign immunity. The Court has already addressed the sovereign immunity issues, above. The M&R makes no recommendation regarding qualified immunity and it is not a basis for any disposition of any claim in this case, making these arguments moot.[3] To the extent that Plaintiff is simply confused about the nature of the M&R's analysis, he fails to state a cognizable objection. *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (to be considered, the objection must point out with particularity the error in the magistrate judge's analysis). Plaintiff's second objection is therefore **OVERRULED**.

*De Minimis* **Injury.** Third, Plaintiff objects to the Magistrate Judge's analysis that his injuries associated with the cold temperatures were *de minimis* and did not give rise to a constitutional claim. D.E. 17, pp. 7-8. He alleges that for four days, he was without heat when the temperature was below freezing, he had no running water, his meals were cold, and the toilet did not flush. The only physical affects that he suffered due to these conditions was constipation and brief hallucinations, which he states himself "are vary [sic] small issues." *Id*. at 9.

Plaintiff's main concern related to these conditions is "the deprivation of basic human needs." *Id*. His argument suggests that if he can show sufficient deprivations, he need not show injury. But he does not supply any authority for abandoning the separate

---

[3] Plaintiff cites multiple cases that discuss qualified immunity such as *Procunier v. Navarette*, 434 U.S. 555, 562 (1978). D.E. 17, p. 5.

requirement of injury to support an award of damages under a constitutional claim based on the violation of the prohibition against cruel and unusual punishment. The objection is therefore inadequate. *Malacara*, 353 F.3d at 405.

While the Court is concerned with the conditions cited by Plaintiff, precedent is clear that an injury must be more than *de minimis* to recover compensatory damages under § 1983.[4] 42 U.S.C. § 1997e; *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). The Magistrate Judge thoroughly analyzed Plaintiff's claim and found that he had not sufficiently alleged injuries that were more than *de minimis*. D.E. 15, pp. 8-10 (collecting cases). Plaintiff has failed to provide additional evidence or legal precedent to refute that analysis and his objection is therefore **OVERRULED**.

**Deliberate Indifference**. Fourth, Plaintiff objects to the Magistrate Judge's recommendation regarding deliberate indifference on multiple grounds. He argues that Defendants Delapp, Puente, and Meisser had direct knowledge of his complaints regarding the harmful conditions and ignored him. D.E. 17, pp. 10-12. Plaintiff's more definite statement includes that he previously made complaints about the heat and Defendant Delapp worked to rectify this issue. D.E. 12, pp. 3-4. Then during the storm, he details that "the whole unit was without power," "there was no running water in the whole unit (McConnell) [, and] the officer restroom toilet didn't flush either." *Id*. at 4-5. Also, according to Plaintiff, Defendant Meisser told him that there were no extra blankets available when he requested them. D.E. 1, p. 7.

---

[4] While Plaintiff asserts in his objections that he only seeks injunctive relief (D.E. 17, p. 7), he previously responded to the Magistrate Judge's questionnaire that he was seeking compensatory damages (D.E. 12, p. 10).

While Plaintiff's allegations include sufficient detail that these Defendants knew of these complaints, there are insufficient facts pled indicating that they disregarded a substantial risk of serious harm by failing to take reasonable measures to abate these concerns. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Rather, Plaintiff's account of these events shows that these were unforeseen, unit-wide issues; Defendants' inability to prepare for or rectify them does not evidence that they had a "wanton disregard for the prisoners' safety or recklessness." *See Valentine v. Collier*, 993 F.3d 270, 281 (5th Cir. 2021). Their lack of preparation is akin to negligence and these Defendants were therefore not deliberately indifferent under the Eighth Amendment. *See, e.g., Thompson v. Upshur Cnty., Tex.,* 245 F.3d 447, 459 (5th Cir. 2001) ("deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.").[5]

Plaintiff also argues that Defendants Collier, Lumpkin, and Castro knew that the winter storm was coming and did nothing to prepare, depriving him of the "'minimal civilized measure of life's necessities.'" D.E. 17, pp. 12- 13 (citation omitted). Even taking all of Plaintiff's factual allegations as true, the Texas freeze of 2021 was an unprecedented weather event, comparable to a natural disaster. Failure to adequately prepare for a natural disaster is akin to negligence and insufficient to support a finding of deliberate indifference. *See Murphy v. Lester*, No. 1:06-CV-269, 2014 WL 4380845, at *4 (E.D. Tex. Sept. 4,

---

[5] Plaintiff erroneously cites the standard from *Parratt v. Taylor*, 451 U.S. 527, 534 (1981), to argue that negligence is enough to support a claim under § 1983. This case was overruled "to the extent that it states that mere lack of due care by a state official may 'deprive' an individual of life, liberty, or property under the Fourteenth Amendment." *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986).

2014) ("Even if it could be argued that the failure to take more aggressive steps to improve conditions, or to have been more prepared for the conditions that occurred after the hurricane, constitutes negligence, a finding of negligence will not support a cause of action for violating the Eighth Amendment."); *Cardenas-Meneses v. Ma'at*, No. 21-cv-1643, 2022 WL 496871, at *3 (W.D. La. Jan. 19, 2022) (recognizing that "the fact that an argument can be made that his jailers should have taken more effective precautions to prepare for the hurricane and its aftermath does not mean that they intentionally violated the inmates' rights by failing to do so") (citation omitted), *report and recommendation adopted*, No. 2:21-CV-01643 SEC P, 2022 WL 495187 (W.D. La. Feb. 17, 2022).

Courts analyzing the actions of jailers regarding the Texas freeze have similarly found that a lack of preparation is insufficient to support a claim of deliberate indifference. *See Torres v. Southmayd*, No. 2:21-CV-00037, 2023 WL 4155386, at *8 (S.D. Tex. Mar. 17, 2023) (finding no deliberate indifference on summary judgment where a plaintiff claimed that the county jail failed to properly plan for the 2021 freeze and the result was a lack of drinking water and the use of working toilets). These Defendants were therefore not deliberately indifferent and Plaintiff's fourth objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.

Plaintiff's requests to submit supplemental memorandum and be appointed counsel are both **DENIED**. Accordingly,

(1) Plaintiff's § 1983 claims for money damages against the State of Texas, Director Collier, Director Lumpkin, and former Warden Castro in their official capacities are **DISMISSED without prejudice** as barred by the Eleventh Amendment; and

(2) Plaintiff's Eighth Amendment claims against Director Collier, Director Lumpkin, and former Warden Castro in their individual and official capacities, and against Major Delapp, Assistant Warden Puente, and Sergeant Meisser in their individual capacities are **DISMISSED with prejudice** as frivolous or for failure to state a claim for relief pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1).

(3) It is **ORDERED** that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and the Clerk of Court is **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

This action is **DISMISSED** in its entirety.

**ORDERED** on August 30, 2023.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE