Case 2:23-cv-00037 Document 31 Filed on 11/13/23 in TXSD Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
November 14, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| REYNALDO PALOMO, | § § § | |
| Plaintiff, | § | |
| v. | § § | Case No. 2:23-CV-00037 |
| BRYAN COLLIER, *et al.*, | § § | |
| Defendants. | § § § | |

# MEMORANDUM AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

For the reasons discussed below, the undersigned recommends that Plaintiff's application to proceed *in forma pauperis* on appeal (Doc. Nos. 25, 26, 28, 29) be DENIED. The district court should determine that Plaintiff's appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B).

### A. *Proceedings.*

Plaintiff filed this civil rights action on January 27, 2023. (Doc. No. 1.) Plaintiff is a prisoner in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID") and is housed at the McConnell Unit in Beeville, Texas. Plaintiff's allegations in this case arose in connection with the conditions of Plaintiff's housing during the February 2021 Texas freeze.[1] The Court granted Plaintiff's request to proceed *in forma pauperis*. (Doc. No. 6.)

As part of the screening process, the Court ordered Plaintiff to submit a more definite statement by responding to 51 questions posed by the Court. (Doc. No. 7.) That more definite

---

[1] *See generally* National Centers for Environmental Information, The Great Texas Freeze: February 11-20, 2021, available at https://www.ncei.noaa.gov/news/great-texas-freeze-february-2021 (last visited Nov. 13, 2023).

statement was due by March 13, 2023. *Id.* at 2. Rather than answer the Court's questions, however, Plaintiff moved for leave to file a supplemental brief and exhibits. (Doc. No. 10.) Plaintiff did not indicate whether he intended to answer the Court's posed questions or whether his memorandum would be sufficiently responsive to the Court's questions. The Court denied Plaintiff's motion and ordered him to answer the Court's questions, giving Plaintiff a short extension of time in which to do so. (Doc. No. 11.) On March 13, Plaintiff provided the Court with the more definite statement, answering the questions posed by the Court. (Doc. No. 12.) On March 30, Plaintiff submitted another more definite statement, which was nearly identical to the first. (Doc. No. 14.)

After reviewing and considering Plaintiff's responses, the undersigned then issued a memorandum recommending dismissal of Plaintiff's lawsuit. (Doc. No. 15.) Plaintiff objected to the undersigned's recommendations (Doc. No. 17), but the district court overruled those objections, adopted the undersigned's recommendations, and entered final judgment dismissing Plaintiff's suit and imposing a "strike" pursuant to 28 U.S.C. § 1915(g). (Doc. Nos. 20, 21.)

Plaintiff then filed a notice of appeal and now seeks to proceed on appeal *in forma pauperis*. (Doc. Nos. 25, 26, 28, 29.)

### B. *Plaintiff's underlying claims.*

In this action, Plaintiff sued the following defendants: (1) Bryan Collier, Executive Director of TDCJ ("Director Collier"); (2) TDCJ-CID Director Bobby Lumpkin ("Director Lumpkin"); (3) the State of Texas (the "State"); (4) former Warden of the TDCJ McConnell Unit, Evelyn Castro ("former Warden Castro");[2] Major John R. Delapp, Jr. ("Major Delapp");

---

[2] In June 2020, Evelyn Castro became Senior Warden of the McConnell Unit. *See* Criminal Justice Connections: On the Move (June 2020), https://www.tdcj.texas.gov/connections/-pdfs/2020/20200600_onthemove.pdf (last visited Nov. 13, 2023).

Assistant Warden Cirildo Puente ("Assistant Warden Puente");[3] and Sergeant Yvette Meisser ("Sergeant Meisser") (collectively, "Defendants"). Plaintiff generally claimed that Defendants violated his Eighth Amendment rights in connection to his prison cell conditions during the February 2021 Texas freeze. (Doc. No. 1, pp. 3, 6.)

Plaintiff alleged that Director Collier and Director Lumpkin violated Plaintiff's Eighth Amendment rights by failing to provide Plaintiff with portable toilets for approximately six days, water for two days, and extra blankets and jackets to confront the cold experienced in his cell, in deliberate indifference to a risk of serious harm to Plaintiff. (Doc. No. 1, p. 3; Doc. No. 12, pp. 3, 5, 8.) Plaintiff described this as a denial of "the minimal civilized measures of life's necessities." *Id*. (cleaned up). Plaintiff sought to sue both directors in their individual and official capacities. (Doc. No. 12, p. 8.)

Plaintiff alleged that former Warden Castro violated Plaintiff's Eighth Amendment rights by failing to provide Plaintiff with an adequate toilet, and sufficient blankets and clothing to protect from the cold temperatures. (Doc. No. 12, pp. 8-9.) In addition, Plaintiff sought to hold former Warden Castro accountable for the McConnell Unit's allegedly shoddy infrastructure, which Plaintiff describes as having windows without insulation and a heating system that does not work in most cells. (Doc. No. 1, p. 3; Doc. No. 12, pp. 8-9.) Plaintiff sued former Warden Castro in her individual and official capacities. (Doc. No. 12, p. 9.)

---

[3] At the time of the Texas freeze, Cirildo Puente was Major of Correctional Officers in the McConnell Unit. *See* Criminal Justice Connections: On the Move (March 2022), https://www.tdcj.texas.gov/connections/-pdfs/2022/20220300_onthemove.pdf (last visited Nov. 13, 2023). He was moved in the fall of 2022 to become Assistant Warden of the Stevenson Unit. *Id*.

Plaintiff alleged that Major Delapp knew that the heat was not working in Plaintiff's cell on February 12 yet did not fix it. (Doc. No. 1, p. 3; Doc. No. 12, p. 9.) Plaintiff sued Major Delapp in his individual capacity. (Doc. No. 12, p. 9.)

Plaintiff alleged that Assistant Warden Puente violated his Eighth Amendment rights by not adequately protecting Plaintiff from the cold weather he faced from February 11 to February 17, 2021. (Doc. No. 1, p. 3; Doc. No. 12, pp. 3, 9, 10.) Plaintiff sued Assistant Warden Puente in his individual capacity. (Doc. No. 12, p. 10.)

Plaintiff alleged that Sergeant Meisser knew that Plaintiff's cell was without heat, yet denied him extra blankets and clothing, responding to Plaintiff's request for such items by stating that there were no extra blankets in the unit. (Doc. No. 1, p. 3; Doc. No. 12, pp. 9-10.) Plaintiff sued Sergeant Meisser in her individual capacity. (Doc. No. 12, p. 10.)

Plaintiff sought monetary relief, in the form of compensatory and punitive damages. (Doc. No. 12, p. 10.) He also requested a "preliminary and permanent injunction" ordering defendants Collier and Lumpkin and other prison officials from "retaliating against plaintiff by harassing or having plaintiff moved around to other units." *Id.*

### C. Plaintiff's current in forma pauperis application.

Requests to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. *Lockett v. Helfman Motor Sales, Inc.*, No. 4:21-CV-4082, 2022 WL 18911603, at *1 (S.D. Tex. Oct. 25, 2022) (Sheldon, M.J.). A litigant seeking to proceed *in forma pauperis* on appeal must attach an affidavit that shows in the detail prescribed by Rule 4 of the Appendix of Forms the litigant's inability to pay or to give security for fees and costs, claims an entitlement to redress, and states the issues that the litigant intends to present on

appeal. Fed. R. App. P. 24(a)(1). Construing Plaintiff's filings liberally, the relevant information is asserted across four different documents. (Doc. Nos. 25, 26, 27, 29.)

Plaintiff states that he has no assets, nor does he have money in any bank or prison account, although he receives funds "maybe once a month from family member." (Doc. No. 26, p. 1.) He states that he has no income from any other source. *Id*. Plaintiff's inmate trust account statement reflects a balance of $20.35 as of October 20, 2023, with a six-month average balance of $64.66. (Doc. No. 27.)

In a memorandum, Plaintiff alleges (liberally construed) that he intends to assert on appeal that the district court wrongly (1) denied Plaintiff permission to submit the memorandum brief and exhibits; (2) applied the doctrine of sovereign immunity to dismiss Plaintiff's claims for money damages against Defendants in their official capacities, (3) found that Plaintiff's injuries were *de minimis* and therefore not recoverable under § 1983, (4) found that Plaintiff failed to plausibly allege deliberate indifference by Defendants, and (5) assessed a "strike" against Plaintiff under 28 U.S.C. § 1915. *See* Doc. No. 29.

### D. Legal standard.

Courts in this circuit grant authorization to proceed *in forma pauperis* on appeal if the litigant demonstrates that he or she is a pauper. A reviewing court must examine the financial condition of the applicant in order to determine whether the payment of fees would "cause [an] undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). One need not be absolutely destitute to qualify for *in forma pauperis* status, but that status is allowed only when a movant cannot pay filing costs and remain able to provide for himself and dependents. *See Ryan v. Ramsey*, 936 F. Supp. 417, 425 (S.D. Tex. 1996) (citing *Adkins v. E.I. DuPont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)).

The litigant must also demonstrate that the appeal is taken in good faith – that is, that a nonfrivolous issue exists for appeal. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986); *see Baugh v. Taylor*, 117 F.3d 197, 201-02 (5th Cir. 1997). "An appeal is taken in good faith if it raises legal points that are arguable on their merits thus nonfrivolous." *Lockett*, 2022 WL 18911603, at *1 (quoting *McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015)).

### E. Discussion: Plaintiff's motion to proceed in forma pauperis *should be denied because his appeal would not be taken in good faith.*

The undersigned concludes that Plaintiff qualifies financially to proceed *in forma pauperis*. But the district court should nevertheless deny Plaintiff's motion to proceed *in forma pauperis* because his appeal would not be taken in good faith: all of the appellate issues that Plaintiff intends to raise are frivolous.

As discussed above, and construing his pleadings liberally, Plaintiff would assert on appeal that the district court (1) denied Plaintiff permission to submit the memorandum brief and exhibits; (2) applied the doctrine of sovereign immunity to dismiss Plaintiff's claims for money damages against Defendants in their official capacities, (3) found that Plaintiff's injuries were *de minimis* and therefore not recoverable under § 1983, (4) found that Plaintiff failed to plausibly allege deliberate indifference by Defendants, and (5) assessed a "strike" against Plaintiff under 28 U.S.C. § 1915. *See* Doc. No. 29. None of those issues would have any arguable merit.

#### 1. *Denial of memorandum brief and exhibits.*

Plaintiff first states that he would appeal the undersigned's denial of leave to file a supplemental memorandum and exhibits during the screening of this case. (Doc. No. 29, p. 2.) Plaintiff argues that his proposed filing would have contained "exhibits and various arguments to support his claim." *Id*.

During the screening of this case, *see* 28 U.S.C. § 1915A(a), the undersigned directed Plaintiff to submit a more definite statement consisting of answers to 51 questions. (Doc. No. 7.) Rather than comply with the undersigned's order, Plaintiff sought leave to file a memorandum containing various arguments that to support his claims, as well as exhibits. (Doc. No. 10.) Plaintiff did not allege that he intended to raise any new claims. *See id*. at 1. Plaintiff's motion did not indicate whether he intended to answer the undersigned's questions, nor did he indicate that his proposed filing would otherwise be sufficiently responsive to the undersigned's order. The undersigned therefore denied Plaintiff's motion and directed him to answer the 51 questions. (Doc. No. 11, p. 2.) Plaintiff subsequently complied, answering the undersigned's questions. (Doc. No. 12.) After receiving and reviewing Plaintiff's answers, the undersigned completed screening and recommended dismissal. (Doc. No. 15.)

Plaintiff objected to the undersigned's recommendation, arguing that he should have been allowed to submit his memorandum so that he could further develop his claim. (Doc. No. 17.) Plaintiff acknowledged that an order for more definite statement is "a useful means by which the court can develop the factual basis for the prisoner's [complaint]." *Id*. at 3. He added: "This was the reason the plaintiff was requesting" leave to file his motion and exhibit. *Id*. Plaintiff alleges that he was unable to develop his claim and argued that the undersigned should have ordered a *Spears*[4] hearing to develop the record. *Id*. Plaintiff stated that the reason he wanted to submit evidence was to show that prison officials ignored his complaints. *Id*. at 10 & n.1.

Plaintiff's appeal would not be taken in good faith. First, Plaintiff does not contend that he sought to amend his complaint to add any new claim or allege new facts – he merely sought to explain his existing complaint and provide evidence supporting his claim that prison officials

---

[4] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

7 / 12

failed to respond to his complaints. There was no requirement to conduct a *Spears* hearing: such hearings are not required in all cases, and the Fifth Circuit has never suggested that every *pro se* complainant should be allowed to explain or amend his or her complaint orally. *See Martinez v. Johnson*, 103 F. App'x 531, 532 (5th Cir. 2004); *Beck v. Lynaugh*, 842 F.2d 759, 761 (5th Cir. 1988) (citing *Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986)). Additionally, Plaintiff was afforded the opportunity to provide his additional legal argument, in the form of his objections to the undersigned's memorandum and recommendations (Doc. No. 17). Finally, the undersigned and district court both accepted as true Plaintiff's claim that prison officials ignored his complaints, and the district court recognized that Plaintiff's proposed evidence would not have altered the outcome of his claims. *See* Doc. No. 20, pp. 1-2. Because Plaintiff does not claim that he would have alleged any new facts, and because Plaintiff had the opportunity to present his legal arguments, Plaintiff's proposed appeal of this issue would therefore not be taken in good faith.

### 2. *Sovereign immunity.*

Plaintiff states that he would appeal the district court's dismissal of some of his claims on sovereign immunity grounds. (Doc. No. 29, pp. 2-5.) In his complaint and more definite statement, Plaintiff sued Director Collier, Director Lumpkin, and former Warden Castro in their official and individual capacities for monetary relief. *See* Doc. No. 1, p. 4; Doc. No. 12, pp. 7-8 ¶¶ 40, 42, 44. After the undersigned recommended dismissal on sovereign immunity grounds, Plaintiff forswore his claim for monetary relief against those defendants in their official capacities and claimed instead in his objections that he sought only declaratory and injunctive relief. (Doc. No. 17, p. 7.) But the district court observed that Plaintiff did not request any injunctive relief except an order against any future harassment, retaliation, or transfer that might

8 / 12

occur. (Doc. No. 20, pp. 3-4.) Additionally, any declaratory relief that Plaintiff sought was retrospective in nature, not prospective, because he sought to hold them accountable for their alleged past conduct during the 2021 freeze. *E.g.*, Doc. No. 17, pp. 5, 6, 7. Retrospective injunctive or declaratory relief are not available against a defendant in his or her official capacity, because the Eleventh Amendment bars such relief. *See Saltz v. Tenn. Dep't of Emp. Sec.*, 976 F.2d 966, 968 (5th Cir. 1992). The district court's holding that the Eleventh Amendment bars Plaintiff's requested relief was therefore correct, and Plaintiff's appeal would not be taken in good faith.

### 3. De minimis *injury.*

Plaintiff next states that he would appeal the district court's denial of relief based on its finding that Plaintiff's injuries, if any, were *de minimis*. (Doc. No. 29, p. 5.) Because Plaintiff sought money damages (compensatory and punitive) for the defendants' conduct, he was required to demonstrate that he suffered physical injuries that were more than *de minimis*. *See* 42 U.S.C. § 1997e(e); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). The district court determined that Plaintiff failed to demonstrate that he suffered greater-than-*de minimis* physical injury. (Doc. No. 20, pp. 4-5.) When directed by the undersigned to state what "injuries, illnesses, or other medical problems" he suffered as a result of the lack of a working toilet during the freezing weather, Plaintiff stated, verbatim: "I have answer this question with truthfulness; illness I can't say I got sick, but injury and a medical issue. I became constipated, and it had cause me pain and anguish." (Doc. No. 12, p. 5.) Plaintiff stated that even after the storm he remained constipated and had to seek a laxative. *Id*. Plaintiff stated in his objections to the undersigned's memorandum and recommendations that the "constipation and the brief hallucination are [very] small issues." (Doc. No. 17, p. 9.) The district court recognized that

9 / 12

Plaintiff alleged nothing more than *de minimis* physical injury; Plaintiff's attempt to appeal that ruling is not supported by this circuit's precedent and would not be taken in good faith.[5]

### *4. Deliberate indifference.*

Plaintiff states that he would appeal the district court's finding that he failed to plausibly allege deliberate indifference by prison officials. (Doc. No. 29, pp. 5-7.) As the district court noted, although Plaintiff alleged facts suggesting that prison officials failed to plan sufficiently for the freezing weather, he failed to allege anything more than negligence (or at most gross negligence). He did not allege that prison officials acted deliberately to expose him to a substantial risk of harm or otherwise violate his rights. *See* Doc. No. 20, pp. 6-7; *cf. Alton v. Tex. A&M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999) ("Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference."). Because Plaintiff failed to plausibly allege anything more than negligent conduct, an appeal of the district court's decision in this regard would not be taken in good faith.

### *5. Assessment of "strike."*

Finally, Plaintiff argues that the district court lacked the authority to impose a "strike" under 28 U.S.C. § 1915(g) when it dismissed Plaintiff's lawsuit. (Doc. No. 29, pp. 7-8.) This putative issue is not a standalone basis for appeal. Rather, it is by nature tethered to Plaintiff's other proposed appellate arguments: if Plaintiff were to be successful at securing appellate relief in this case sufficient to allow him to survive the district court's dismissal for failure to state a claim, then the district court's "strike" would be nullified. But otherwise, future courts

---

[5] Plaintiff argues that he was denied the opportunity to submit additional evidence. (Doc. No. 29, p. 5.) But he does not explain what evidence he would have submitted, other than evidence that prison officials allegedly ignored his complaints. Nor does Plaintiff contend that the submission of evidence would have demonstrated any injuries other than those Plaintiff had already alleged in his complaint and more definite statement (and which were taken to be true for purposes of screening).

10 / 12

considering motions filed by Plaintiff to proceed *in forma pauperis* will be required to consider whether Plaintiff has on three previous occasions had *in forma pauperis* actions dismissed for being frivolous or malicious or for failure to state a claim upon which relief may be granted. *See Hutch v. Cooke*, No. 2:05CV96MA, 2015 WL 2007131, at *1 (N.D. Miss. Aug. 18, 2005).

While Plaintiff disagrees with the district court's dismissal, the plain language of § 1915(g) requires courts to consider prior dismissals that fall within the statute's coverage. Plaintiff's attempt to appeal the imposition of a strike in this case would therefore not be taken in good faith.

### F. Conclusion and recommendation.

The district court should deny Plaintiff's request to proceed *in forma pauperis* on appeal. Plaintiff's appeal would not be taken in good faith because he fails to identify any non-frivolous issue.

### G. Notice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

      SIGNED on November 13, 2023.

                                            MITCHEL NEUROCK
                                            United States Magistrate Judge