United States District Court
Southern District of Texas
**ENTERED**
January 17, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| REYNALDO PALOMO, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | §   CIVIL ACTION NO. 2:23-CV-00037 |
| | § |
| BRYAN COLLIER, *et al.*, | § |
| | § |
| Defendants. | § |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Plaintiff's application to proceed *in forma pauperis* on appeal (D.E. 25, 26, 28, 29). On November 14, 2023, United States Magistrate Judge Mitchel Neurock issued a Memorandum and Recommendation (M&R, D.E. 31), recommending that Plaintiff's application be denied. Plaintiff was served with the M&R on November 17, 2023, and he timely filed his objections (D.E. 33) on or before November 29, 2023. D.E. 33, p. 10.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Good faith is demonstrated when a party seeks appellate review of any issue not frivolous." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (per curiam) (internal quotations omitted). "The inquiry is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Id*. (internal quotations omitted).

Plaintiff first objects to the M&R's analysis finding that his declared issues on appeal are frivolous. D.E. 33, pp. 2-3. Plaintiff seeks only to repeat on appeal his position in this Court that he has stated meritorious issues and should have an opportunity to present evidence. His arguments in support of his objection are conclusory. The Court agrees with the Magistrate Judge that Plaintiff's appeal is not meritorious when it merely disagrees with this Court's previous holdings dismissing his claims as frivolous. The first objection is **OVERRULED**.

In his second and fourth objections, Plaintiff complains that the M&R misconstrues his official capacity claims against the TDCJ officials as claims against the State of Texas and that he should be able to obtain prospective injunctive and declaratory relief against them in their official capacity.

More specifically, Plaintiff claims that he can sue the officials in their official capacity because of authorities that permit official capacity claims against local officials. D.E. 33, pp. 3-4 (citing *Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989) and *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988)). Plaintiff fails to acknowledge the difference in prosecuting an official capacity claim between a state official and a local official. Because the official capacity of state officials implicates the employing state, Eleventh Amendment immunity applies, as previously determined in this case.

Plaintiff's fourth objection indicates his desire to prosecute claims for prospective declaratory and injunctive relief against the state officials in their official capacity—claims that he did not request prior to the issuance of the M&R dismissing his claims. *See* D.E.

15, 20. But the basis for his claim to relief is past conduct, not any ongoing unconstitutional conduct that can be expected to continue into the future. And, as already determined, his claim of a violation of his constitutional rights—which is necessary to support any claim for relief—has been dismissed as frivolous. There is no right to retrospective relief, as set out in the M&R. D.E. 31, pp. 8-9. And there is no viable constitutional basis to impose prospective relief. D.E. 20. The Court **OVERRULES** Plaintiff's second and fourth objections regarding his official capacity claims against state officials.

Third, Plaintiff objects that the Magistrate Judge erred in failing to allow him to file a memorandum and exhibits and in complaining that he had not answered the questions propounded to him for purposes of clarifying his claims. D.E. 33, pp. 4-5. This objection fails to credit the Magistrate Judge's acknowledgement that Plaintiff did, in fact, submit answers to the questions after the second request, which answers were taken into consideration in adjudicating his claims. He fails to articulate any facts that have not been considered or why anything new should be submitted at this juncture. The third objection is **OVERRULED**.

Fifth, Plaintiff objects to the finding that his claimed injuries were insufficient to support his constitutional claims. His argument is conclusory and seeks to controvert his own prior "honest" representation of the nature of his claim. D.E. 33, p. 7. The Court **OVERRULES** the fifth objection.

Sixth, Plaintiff objects that he did, in fact, articulate a claim for deliberate indifference rather than merely a case of negligence or gross negligence. D.E. 33, pp. 7-8.

Plaintiff's complaints are conclusory in implying that Defendants had it within their power to relieve the suffering caused by the winter storm and freezing temperatures, and withheld that relief in deliberate indifference. Plaintiff does not set out any prison standard for emergency preparedness that Defendants knowingly or intentionally failed to meet. And he cannot overcome the fact that the only "substantial risk of harm" he suffered was a brief period of constipation that he also suffered without any storm, freezing temperatures, or alleged deliberate indifference. The Court **OVERRULES** Plaintiff's sixth objection.

Plaintiff's seventh objection is that his claims are not frivolous and the strike assessed in this Court's prior Order (D.E. 20) was incorrect. Plaintiff's argument, to the extent that it is based on the foregoing objections, is without merit. Otherwise, the objection is devoid of further facts or legal authority and is conclusory. Conclusory objections that fail to point out with specificity any error in the Magistrate Judge's analysis are not cognizable. See Fed. R. Civ. P. 72(b)(2); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003); *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). The seventh objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.

Accordingly, Plaintiff's application to appeal *in forma pauperis* (D.E. 25, 26, 28, 29) is **DENIED**.

    **ORDERED** on January 17, 2024.

                                            NELVA GONZALES RAMOS
                                            UNITED STATES DISTRICT JUDGE